**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4090**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LAMONT JONES, a/k/a Butt Juice,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:13-cr-00677-GLR-19)

Submitted: November 26, 2019          Decided: December 11, 2019

Before WYNN and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Alfred Guillaume, III, LAW OFFICES OF ALFRED GUILLAUME III, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Brandon K. Moore, Assistant United States Attorney, Patricia C. McLane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Lamont Jones was convicted of conspiracy to participate in a racketeering activity ("RICO conspiracy"), in violation of 18 U.S.C. § 1962(d) (2012), and conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (2012). On appeal, Jones challenges the sufficiency of the evidence, two evidentiary rulings, and his sentence. We affirm the district court's judgment.

Jones first contends that there is insufficient evidence supporting his RICO conspiracy conviction because the Government did not establish that he was a member of the enterprise, Up da Hill ("UDH"). "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt." *Id.* In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

2

To satisfy § 1962(d), the government must prove that an enterprise affecting interstate commerce existed; that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.

*United States v. Cornell*, 780 F.3d 616, 621 (4th Cir. 2015) (alterations and internal quotation marks omitted). Racketeering acts are defined by statute and include, but are not limited to, "any act or threat involving murder, . . . robbery, . . . or dealing in a controlled substance . . ., which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1) (2012).

"[U]nlike traditional conspiracy, the RICO conspiracy statute contains 'no requirement of some overt act or specific act.'" *Cornell*, 780 F.3d at 624 (quoting *Salinas v. United States*, 522 U.S. 52, 63 (1997)). Thus, to secure a RICO conspiracy conviction, the Government is not required to prove, or even allege, the actual completion of any particular racketeering act by the defendant or any other member of the conspiracy. *Id.* However, when a defendant commits a predicate act, that is sufficient proof that he agreed to commit them. *United States v. Lawson*, 535 F.3d 434, 445 (6th Cir. 2008). And the "uncorroborated testimony of an accomplice may be sufficient to sustain a conviction." *Savage*, 885 F.3d at 219.

Here, we conclude that sufficient evidence supports Jones' conviction. While Jones cherry picks portions of the record where some witnesses testified they knew Jones was a member because he associated with other UDH members, that views the evidence in the light most favorable to *him*. By contrast, several witnesses testified that Jones was a UDH

member, sold drugs in UDH territory, that only UDH members could sell drugs in UDH territory, and that Jones committed several crimes on behalf of UDH. While Jones also argues that there was insufficient evidence establishing that he committed some of the predicate acts, we conclude that the Government introduced substantial evidence showing that Jones committed the acts and that they were on behalf of UDH.

Turning to the district court's evidentiary rulings, we review such rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Reversal is warranted only if, in consideration of the law and facts of the case, the district court's determination "was arbitrary or irrational." *Id.* (internal quotation marks omitted). Indeed, "[t]he abuse of discretion standard is highly deferential, and a reviewing court should not reverse unless the ruling is manifestly erroneous." *United States v. Graham*, 711 F.3d 445, 453 (4th Cir. 2013) (internal quotation marks omitted).

Jones contends that the district court erred in admitting three out-of-court statements regarding his involvement in an assault and a murder. An out-of-court statement is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). "In order to admit a statement under 801(d)(2)(E), the moving party must show that (i) a conspiracy did, in fact, exist, (ii) the declarant and the defendant were members of the conspiracy, and (iii) the statement was made in the course of, and in furtherance, of the conspiracy." *United States v. Pratt*, 239 F.3d 640, 643 (4th Cir. 2001). "The incorrect admission of a statement under the coconspirator statement exclusion . . . is subject to harmless error review." *Graham*, 711 F.3d at 453. An evidentiary ruling is harmless if we may "say with fair assurance, after

4

pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. McLean*, 715 F.3d 129, 143 (4th Cir. 2013) (internal quotation marks omitted).

We conclude that the district court properly admitted Steven Jackson's out-of-court statement that he and Jones killed Harry Hicks because it was in furtherance of the conspiracy. While Jones is correct that idle chatter between coconspirators does not further a conspiracy, *see Graham*, 711 F.3d at 453, "statements between conspirators which provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy, further the ends of a conspiracy," *United States v. Gupta*, 747 F.3d 111, 124 (2d Cir. 2014) (brackets and internal quotation marks omitted); *accord United States v. Mathis*, 932 F.3d 242, 254 (4th Cir. 2019), *pet for cert. filed*, No. 19-6423 (U.S. Oct. 29, 2019). Jackson informed UDH members of the shooting shortly after it occurred, and the shooting was in retaliation for the murder of a UDH member. Moreover, Jackson's statement criticized Jones for implicating another UDH member by fleeing to her house and thus potentially facilitated avoiding capture. *See Mathis*, 932 F.3d at 255 (finding statement regarding destruction of evidence admissible because it "was intended to prolong the unlawful activities of the" conspiracy (internal quotation marks omitted)); *see also Graham*, 711 F.3d at 453 ("A statement by a co-conspirator is made in furtherance of a conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect." (internal quotation marks omitted)). Moreover, Jones' silence regarding Jackson's statement counts as an admission. *See United States v. Williams*, 445 F.3d 724, 735 (4th Cir. 2006).

5

Turning to the other two coconspirator statements, assuming that the district court erred in admitting these statements, any error was harmless. The statement concerning Jones' involvement in Hicks' murder was cumulative in light of the admission of Jackson's statement. The statement concerning Jones' involvement in a stabbing was also cumulative because the victim testified at trial that Jones stabbed him.

Jones also argues that the district court erred in admitting his out-of-court statement that he was involved in Hicks' murder, contending that its admission violated Fed. R. Evid. 804(b)(3). However, a statement made by a party and offered against that party is not hearsay. Fed. R. Evid. 801(d)(2)(A). Accordingly, the district court did not abuse its discretion in admitting these statements.

Finally, Jones claims that his sentence is procedurally unreasonable. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

We conclude that the district court committed no procedural error. The court offered a thorough explanation of why a within-Guidelines sentence was necessary—Jones' lack of remorse demonstrated that he was still a danger to the public and that his offense was extremely serious. Indeed, Jones was involved in one murder, two other shootings, and one stabbing. Although the district court focused heavily on Jones' lack of acceptance of

6

responsibility, it considered the entire case and Jones' history and characteristics in fashioning the sentence. Moreover, the district court recognized that Jones' codefendants received lesser sentences, but explained that they were not similarly situated because they accepted responsibility for their conduct.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*